Andrew G. Jubinsky, *admitted pro hac vice*
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Timothy A. Daniels, *admitted pro hac vice*
Texas Bar No. 05375190
tim.daniels@figdav.com
FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: 214.939.2000
Facsimile: 214.939.2090

Noah M. Hoagland (#11400)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355

*Attorneys for Defendant LifeSecure Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK SCOTT and MERRILEE SCOTT, <br><br> Plaintiffs, <br><br> v. <br><br> LIFESECURE INSURANCE COMPANY, <br><br> Defendant. | **DECLARATION OF R. BRYAN TILDEN** <br><br><br> CASE NO. 2:15-CV-00197-CW-DBP <br> Judge Clark Waddoups |

1.    I, R. Bryan Tilden, have been engaged by counsel for LifeSecure Insurance

Company ("LifeSecure") to review certain materials relating to the non-renewal of Policy

Number PH02118 ("Policy") and to provide, among other things, an opinion (a) relating

---

Declaration of R. Bryan Tilden                                                                 Page 1

**Exhibit D**

to the features and benefits of the Policy and Plaintiffs current health insurance coverage, all as described in detail herein, and (b) relating to LifeSecure's ability to price the Policy if it was modified to conform to the requirements of the Affordable Care Act ("ACA").

2.      I have over 42 years' experience in the insurance and risk management industry as an author, broker, consultant, underwriter, drafter of policy forms and endorsements, teacher, historian, claim examiner and consultant for both insureds and insurers. I have placed business, as a retail and surplus lines broker representing the insured, in the international insurance market, including coordinated placements with Lloyd's brokers, Lloyd's syndicates, United States, Canadian, British and European insurance companies. I have handled claims, progressing from small claims to claims over $1,000,000. I have worked with Lloyd's brokers, Lloyd's syndicates, United States, Canadian, British, Bermudian and European companies in the drafting, underwriting and placement of insurance policies, both marine and non-marine, and in the adjustment of losses, including life and health insurance. I teach the construction, drafting, underwriting, adjusting and analysis of insurance policies throughout the United States, Canada, the Caribbean, Bermuda and the European Union. I have testified in the United States and London regarding the above subject matter. I am familiar with the custom and practices of the international insurance marketplace, including the London, European, Caribbean, Canadian, Bermudian and United States markets.

3.      My curriculum vitae is attached hereto as Exhibit A. The facts and data I considered in forming my opinions are listed below:

a) Complaint;
b) Answer;
c) LifeSecure Responses to Discovery;
d) Scott Responses to Discovery;
e) LifeSecure Supplemental Responses to Discovery;
f) LifeSecure Responses to Second Set of Discovery;
g) LifeSecure Initial Disclosures;
h) Scott Initial Disclosures;
i) Scott 00001 – 00309;
j) LifeSecure 00001 – 00114;
k) Deposition of Mark Scott and exhibits;
l) Deposition of Merilee Scott and exhibits;
m) Deposition of Sam Houk and exhibits; and
n) HBE Forensics LLC Expert Report.

4.      Insurance is based on the law of large numbers. This mathematical principle states that as the number of similar but independent exposure units increases, the relative accuracy of predictions about future outcomes (losses) also increases. The record shows that 22 policies were in effect at the time the decision was made to non-renew the health insurance policies instead of revising the policies to comply with ACA mandated provisions for grandfathered policies. There were only two policies in Utah, the jurisdiction involved in this litigation.

5.      Empirical probability (a posteriori probability) is based on actual experience through historical data or from the observation of facts. As the 1987 Policy provisions did not comply with 2 Houk Exhibit #19. the ACA requirements which materially altered coverages under health policies, this application would be inappropriate. In other words, even attempting to use data regarding other health insurance policies, to the extent it could be obtained, would not provide empirical data to

allow for a reasonable setting of future rates since essentially all existing polices would be ACA compliant, and therefore materially different in benefit structure.

6.    Theoretical probability is based on theoretical principals rather than actual experience. Due to the unchanging nature of coin tosses or dice throws, in some situations it may be preferable to empirical probability. Theoretical probability are not applicable or available in most situations that insurance professionals analyze, particularly the analysis of potential risk. As a result, empirical probability must be used.

7.    Insurance policies are designed and priced based on the following six characteristics:

a) Pure risk – Involves pure risk, not speculative risk.

b) Fortuitous losses – Subject to fortuitous loss from the insured's standpoint.

c) Definite and measurable – Subject to losses that are definite in time, cause, and location that are measurable.

d) Large number of similar exposure units – One of a large number of similar exposure units.

e) Independent and not catastrophic – Not subject to a loss that would simultaneously affect many other similar loss exposures; not catastrophic.

f) Affordable – Premiums that are economically feasible.

8.    Here, with a Utah exposure base of two, the principle of a large number of exposure units is missing in order for the risk to be priced according to accepted reasonable practice. Further, the affordability of premiums comes into question. Even if the policies were revised to the minimum requirements of the ACA grandfather

provisions, there would have to be a premium adjustment approved by the Utah Department of Insurance (as well as other applicable Insurance Departments), and because of the small number of policies, there would be no data on which such rate adjustment could be based.

9.    The three major goals of rate regulation are to ensure that the rates are adequate, not excessive, and not unfairly discriminatory. Adequate means that the premium should be high enough to pay all claims and expenses for that type of insurance in order to maintain insurer insolvency. Not excessive means that the insurer should not earn excessive or unreasonable profits. Regulators have considerable latitude and discretion in determining whether rates are excessive. Not unfairly discriminatory refers to fair and consistent discrimination, the basis of insurance rating. Not every exposure is the same and insurers may typically take into account differences among insureds that effect the risk.

10.    If LifeSecure had revised the 22 policies, with only two policies in Utah, there would be no empirical data to present to the Utah Department of Insurance to establish the new premium based on the new benefits. The uncertainty of future losses for a small number of policies would require enough collected premium for the two policies to cover future losses, expenses, and a reasonable profit for LifeSecure.

11.    Market price includes spread of risk in the rate making function. With a large number of exposure units, the risk of catastrophic loss is mitigated. Not all policy

holders would contract a dread disease or sustain an accident in any particular policy period. Only a portion would have a large loss, but the spread of risk stabilizes the market price. With the small number of policies involved, the pricing has to be higher than market price due to the lack of spread of risk. Because of the risk pool of two policies in Utah, more likely than not the new premium would not be approved by the Utah regulators, as the premium would have to be higher than market price due to the lack of a large number of exposure units and the uncertainty in the risk described above.

12. The ACA has established more rate regulation in addition to state regulation: Rate Review and the 80/20 rule. Rate Review protects policyholders from unreasonable rate increases. Insurance companies must now publicly explain any rate increase of 10% or more before raising the premium.[1] The 80/20 Rule generally requires insurance companies to spend at least 80% of the money they take in from premiums on health care costs and quality improvement activities. The other 20% can go to administrative, overhead, and marketing costs.[2]

13. After the Policy was non-renewed, the Plaintiffs obtained a Silver Plan from HelathSelect. The following is a comparison of the benefits available under the Policy and the Plaintiffs' SelectHealth Coverage:

---

[1] This does not apply to grandfathered plans.
[2] Insurance companies selling to large groups must spend at least 85% of premiums on care and quality improvement.

---

Declaration of R. Bryan Tilden                                                    Page 6

|  | LifeSecure | Silver Plan S302018 |
|---|---|---|
| Maximum Benefit | $1,000,000 | Unlimited |
| Deductible – Accident | $50 | $3,500 |
| Deductible – Sickness 2015 | $500 | $3,500 |
| Deductible – Sickness 2016 | $500 | $3,500 |
| Deductible –Emergency Room | $50 | 100% after deductible |
| Co-payments | 20%[3] | 0% |
| Medical, Surgical, Hospice, Emergency Admissions | $1,000 day maximum | 100% after deductible |
| Anesthesia | 30% of surgical charge | 100% after deductible |
| Mammography | None | Covered[4] |
| Maternity | None | 100% after deductible |
| Skilled Nursing Facility | None | 100% after deductible[5] |
| Rehab Therapy | None | 100% after deductible[6] |
| Sick Office Visits | After Deductible | 100% after deductible |
| Preventive Care | None | Covered[7] |
| Tier I Drugs[8] | After Deductible | 100% after deductible |
| Tier II Drugs | After Deductible | 100% after deductible |
| Tier III Drugs | After Deductible | 100% after deductible |
| Allergy Tests | None | 100% after deductible |
| Self-inflicted Injury | None | 100% after deductible |

[3] After deductible, when co-payments reach $4,500, then 100% up to policy maximums.
[4] Ibid. .
[5] 60 days per year.
[6] 40 days per year.
[7] Ibid.
[8] Accident and sickness only, no preventative.

| Infertility | None | 100% after deductible[9] |
|---|---|---|
| Obesity Surgery | None | 100% after deductible |
| Foot Care | None | 100% after deductible |
| Acts of Aggression | None | 100% after deductible |
| Pediatric Eye Exam | None | 100% after deductible |
| Pediatric Glasses & Contact Lenses | None | 100% after deductible |
| Chiropractic | $300 year | 100% after deductible[10] |
| Drug & Alcohol Treatment | $1,000 year | 100% after deductible |
| Mental Health | 50%[11] | 100% after deductible |
| TMJ Services | None | $2,000 lifetime |
| Motorcycle Injuries | $10,000 occurrence | 100% after deductible |
| Organ Transplant | $25,000 | 100% after deductible |
| Ambulance | 75 mile limit | 100% after deductible |

14.     As the table above demonstrates, the coverage procured by the Plaintiffs had greater benefits than the policy. As an example, the Silver plan covers preventive care at 100% with no deductible. Based on this benefit, I understand Mrs. Scott obtained a mammogram that was fully covered as required by the ACA. Attached as Exhibit B is a listing of preventive care benefits available under the Plaintiff's current policy, with no out-of-pocket cost to the Plaintiffs.

15.     As previously discussed, the ACA requires at least 80% of the premium collected be utilized for payment of losses. Plaintiffs complain that they have to pay a higher premium, but chose to ignore the benefit changes. The Silver Plan they procured

---

[9] $1,500 per year, $5,000 lifetime.
[10] 15 visits per year.
[11] $1,500 year, $10,000 lifetime maximum.

does have a higher premium, but includes greater benefits. Because of the 80% loss ratio requirement under the ACA, one can deduce the Silver Plan premium is commiserate with the increased benefits, and would be representative of market price in relation to the benefit level.

I declare under penalty of perjury that the statements herein are true and correct and the opinions expressed herein are to a reasonable degree of professional certainty.

R. Bryan Tilden
CPCU, CLU, ARM, ALCM, ChFC, CIC

*Curriculum Vitae*
*of*
**R. Bryan Tilden**
526 Red Gate Road
Pittsboro, North Carolina 27312-7934
*Office:* 919.542.1042 • *Fax:* 919.542.6255 • *E-mail:* tilden@mindspring.com

**EDUCATION:**

**Senior Claim Law Associate,** 2008
AMERICAN EDUCATIONAL INSTITUTE, INC.
Basking Ridge, New Jersey

**Chartered Financial Consultant,** 1983
THE AMERICAN COLLEGE
Bryn Mawr, Pennsylvania

**Associate in Loss Control Management,** 1983
INSURANCE INSTITUTE OF AMERICA
Malvern, Pennsylvania

**Associate in Risk Management,** 1982
INSURANCE INSTITUTE OF AMERICA
Malvern, Pennsylvania

**Chartered Life Underwriter,** 1982
THE AMERICAN COLLEGE
Bryn Mawr, Pennsylvania

**Chartered Property Casualty Underwriter,** 1980
THE AMERICAN INSTITUTE FOR PROPERTY AND LIABILITY
UNDERWRITERS
Malvern, Pennsylvania

**Certified Insurance Counselor,** 1978
SOCIETY OF CERTIFIED INSURANCE COUNSELORS
Austin, Texas

**HONORS/ACTIVITIES:**

Continuing Professional Development, Society of Chartered Property Casualty Underwriters, 2013 - 2015

Grading Panel Member, The American Institute for Property and Liability Underwriters

Grading Panel Member, Insurance Institute of America

National Faculty Member, Society of Certified Insurance Counselors

Faculty, ACORD Power of Change Workshop, 1995 to present

Faculty, Independent Insurance Agents Virtual University, commentator to ISO, AAIS and ACORD

Ernest F. Young Education Award, 1988

North Carolina Independent Agent of the Year, 1989

Frequent contributor the *The John Liner Letter* articles on Business Income, CGL, Auto, Risk Management

Reviewer, various CPCU and Insurance Institute textbooks

Exhibit A

*R. BRYAN TILDEN*          *PAGE 2*

**MEMBERSHIPS:**          International Association of Arson Investigators
Society of Certified Insurance Counselors
Society of Chartered Property Casualty Underwriters
Society of Claims Law Associates
Society of Financial Service Professionals

**LICENSES:**          Property and Liability Agent, North Carolina, New Jersey
Life and Health Agent, North Carolina, New Jersey
Medicare Supplement and Long Term Care Agent, North Carolina

**EXPERIENCE:**          April 1997 to Present
**Training and Consulting**
Tilden & Associates
Pittsboro, North Carolina

September 1995 to March 1997
**Director of Technical Affairs**
Independent Insurance Agents of North Carolina, Inc.
Raleigh, North Carolina

March 1990 to August 1995
**Director of Education**
Independent Insurance Agents of North Carolina, Inc.
Raleigh, North Carolina

September 1983 to March 1990
**Account Executive**
Chapel Hill Insurance Agency, Inc.
Chapel Hill, North Carolina

September 1979 to July 1983
**Vice President**
Thomas Rutherfoord, Inc.
Roanoke, Virginia

December 1978 to September 1979
**Account Executive**
Marsh & McLennan, Inc.
Washington, DC

July 1974 to December 1978
**Account Executive**
Herb Holland Company, Inc.
Chapel Hill, North Carolina

**PUBLICATIONS:**          The CPCU Society. "A Guide to the CGL Aggregate Limits",
http://www.cpcusociety.org/learning/campus/how.shtml , 1999
The CPCU Society, "A Guide to the Motor Carrier Act",
http://www.cpcusociety.org/learning/campus/how.shtml. 1999
The CPCU Society, "A Guide to Value Reporting Form",
http://www.cpcusociety.org/learning/campus/how.shtml. 1999

*R. BRYAN TILDEN*          *PAGE 3*

R. Bryan Tilden, *1999 Business Auto Policy, Changes and Issues* (Albany: Professional Insurance Agents, 1999)

----, *2000 Commercial Property Changes* (Malvern: The CPCU Society, 2000)

----, *2000 Homeowners Policy Changes* (Malvern: The CPCU Society, 2000)

----, *2001 Commercial General Liability Policy Changes* (Malvern: The CPCU Society, 2001)

----, *2001 Business Automobile Policy Changes* (Pittsboro, NC: Tilden and Associates, 2001)

----, *2002 Commercial Property Changes* (Malvern: The CPCU Society, 2002)

----, *2004 Commercial General Liability Policy Changes* (Malvern: The CPCU Society, 2004)

----, *2007 Commercial General Liability Policy Changes* (Malvern: The CPCU Society, 2007)

---- *2008 Commercial Property Changes* (Malvern: The CPCU Society, 2008)

----, *2010 Automobile Policy Changes* (Malvern: The CPCU Society, 2011)

----, *2011 Homeowners Policy Changes* (Malvern: The CPCU Society, 2011)

----, *2012 Commercial Property Policy Changes* (Malvern: The CPCU Society, 2013)

----, *2013 Commercial General Liability Policy Changes* (Malvern: The CPCU Society, 2013)

----, *Additional Insured* (Austin: Society of Certified Insurance Counselors, Inc., 1996, 2005, 2013; Malvern: The CPCU Society, 1999, 2001, 2004, 2005, 2013)

----, *Advanced Business Income* (Malvern: The CPCU Society, 1990 – 2013)

----, *Advanced Inland Marine* (Malvern: The CPCU Society, 2000)

----, *Advanced Pollution Liability* (Malvern: The CPCU Society, 1999 - 2012)

----, *Arson and the Insurance Contract* (Austin: Society of Certified Insurance Counselors, Inc., 1998, 2004, 2012)

----, *Bonus Life and Non-Qualified Deferred Compensation Plans* (Pittsboro, NC: Tilden and Associates, 1998)

----, *Budgeting* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1995)

R. Bryan Tilden and Donald Malecki, *Builders Risk, Wrap-Ups and Course of Construction* (Malvern. The CPCU Society, 2006)

R, Bryan Tilden, *Business Automobile Coverage Part* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1993, 1994, 1997, 1999, 2002, 2004, 2005, 2006, 2010, 2013)

*R. BRYAN TILDEN*          *PAGE 4*

----, *Business Owner's Policy* (Austin: Society of Certified Insurance Counselors, Inc., 1990 – 2002, 2010, 2013)

----, *Claims Handling* (Pittsboro, NC: Tilden and Associates, 1999)

----, *Closing Gaps in Property Insurance* (Malvern: The CPCU Society, 1999, 2007, 2015)

----, *Commercial Account, The* (Malvern: The CPCU Society, 1999, 2001, 2005)

----, *Commercial Crime Program* (Austin: Society of Certified Insurance Counselors, Inc., 1988, 1991, 1992, 1999, 2000, 2006; Malvern: The CPCU Society, 2000, 2006, 2009, 2013)

----, *Commercial General Liability Coverage Part* (Austin: Society of Certified Insurance Counselors, Inc., 1989, 1992, 1994, 1996, 1997, 1998, 1999, 2001, 2004, 2007, 2013)

----, *Commercial Property Coverage Part* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1991, 1996, 2001, 2008, 2012)

----, *Commercial Property Causes of Loss Forms* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1991, 1996, 2001, 2008, 2012)

----, *Contract Bonds* (Pittsboro, NC: Tilden and Associates, 1999)

R. Bryan Tilden and Donald Malecki, *Contractual Risk Transfer* (Malvern. The CPCU Society, 2005)

R. Bryan Tilden, *Director's and Officer's Liability* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1997; 2002 Malvern: The CPCU Society, 1998, 2000, 2002)

----, *Disability Income and Long Term Care Insurance* (Pittsboro, NC: Tilden and Associates, 2006)

----, *Employee Leasing – The New CGL.* Counselor C93 #6 December (1993): 1-4

----, *Employment Related Practices* (Pittsboro, NC: Tilden and Associates, 1999, 2011)

----, *Endorsements to the Commercial Property Coverage Part* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1991, 1996, 2001, 2008, 2012)

----, *Essentials of Legal Liability* (Austin: Society of Certified Insurance Counselors, Inc., 1995)

----, *Essentials of Life Insurance* (Raleigh, NC: Independent Insurance Agents of North Carolina, Inc., 1991)

----, *Estate Planning* (Pittsboro, NC: Tilden and Associates, 1999)

----, *Estate Planning Techniques, Gifts, Trusts and Family Limited Partnerships* (Pittsboro, NC: Tilden and Associates, 2000)

R. Bryan Tilden and Donald Malecki, *Evolution of the CGL,* (Malvern. The CPCU Society, 2007)

R. Bryan Tilden, *Excess Liability and Commercial Umbrella Policies* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1995, 1997, 2013)

*R. BRYAN TILDEN*          PAGE 5

----, *Flood Insurance*, (Austin: Society of Certified Insurance Counselors, Inc., 1998)

----, *Garage Policy* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1993, 1994, 1998, 2006)

----, *Hidden Coverages* (Austin: Society of Certified Insurance Counselors, Inc., 1995, 1997, 2000; Malvern: The CPCU Society, 1998, 2004, 2010, 2013)

----, *Homeowner's Policy* (Pittsboro, NC: Tilden and Associates, 1998, 2001, 2011)

----, *Homeowner's Tricks and Traps* (Austin: Society of Certified Insurance Counselors, Inc., 1989, 1993, 1997, 2001, 2013)

----, *How to Determine the Financial Stability of an Insurance Company* Agents Journal Spring (1985) 18 - 19

----, *Human Resources* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1996)

----, *Insurance Fraud* (Pittsboro, NC: Tilden and Associates, 2001)

----, *Insurance Statute and Rules Update, An Agents' Guide* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1991)

----, *Insuring Contractors* (Malvern: The CPCU Society, 1998, 1999, 2004, 2007, 2013)

----, *Insuring Defective Construction* (Malvern: The CPCU Society, 2002, 2004, 2007, 2013; Austin: Society of Certified Insurance Counselors, 2002, 2004, 2007, 2013)

----, *Insuring the E-Commerce Account* (Malvern: The CPCU Society, 2000 – 2013)

----, *Insuring the In Home Business* (Austin: Society of Certified Insurance Counselors, 1998)

----, *Insurance Valuation Problems* (Malvern: The CPCU Society, 1997 – 2013)

----, "It's a Crime Not to Insure! Use New Crime Forms for the Best Coverage," *Resources* (The National Alliance for Insurance Education & Research), (Spring 2001), pp. 10-13.

----, *Law and the Life Insurance Contract* (Pittsboro, NC: Tilden and Associates, 2002)

----, *Leased Properties Exposures* (Austin: Society of Certified Insurance Counselors, Inc., 1989, 1997, 2005; Malvern: The CPCU Society, 1998, 2001, 2005, 2013)

----, *Liability Issues and Solutions* (Austin: Society of Certified Insurance Counselors, Inc., 1998)

R. Bryan Tilden and Donald Malecki, *Malecki and Tilden on the CGL,* (Malvern. The CPCU Society, 2003, 2004, 2005)

R. Bryan Tilden, *Medicare Supplement and Long Term Care* (Raleigh, NC: Independent Insurance Agents of North Carolina, Inc., 1991, 1992)

*R. BRYAN TILDEN*          *PAGE 6*

----, *Mergers, Acquisitions and Joint Ventures* (Malvern: The CPCU Society, 2001; Austin: Society of Certified Insurance Counselors, Inc., 2002, 2013)

----, *More Personal Lines Questions and Answers* (Pittsboro, NC: Tilden and Associates, 1997)

----, *N.C. Insurance Statutes and Rules Update, An Agents' Guide* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1992)

----, *Personal Auto Policy* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1990, 1993)

----, *Personal Auto Policy* (Pittsboro, NC: Tilden and Associates, 1999)

----, *Personal Lines Questions and Answers* (Malvern: The CPCU Society, 1997, 1998, 2012)

----, *Personal Lines, Troublesome Problem Areas* (Indianapolis: Independent Insurance Agents of Indiana, 1997, 1998)

----, *Pollution Liability Coverages* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1991, 1998, 2012)

----, *Pollution and Environmental Liability Coverages* (Malvern: The CPCU Society, 1999, 2012)

R. Bryan Tilden and John P. Young, *Pre-Licensing Guide* (Raleigh: Independent Insurance Agents of North Carolina, Inc., 1988, 1993)

R. Bryan Tilden, *Professional Liability* (Austin: Society of Certified Insurance Counselors, Inc., 1994, 1996, 1998)

----, *Problems and Solutions in Buy-Sell Agreements* (Pittsboro, NC: Tilden and Associates, 1998).

----, *Products and Completed Operations* (Malvern: The CPCU Society, 1999)

----, *Properly Insuring Churches, Clubs, Civic Groups and Other Not-For-Profit Organizations* (Austin: Society of Certified Insurance Counselors, Inc., 1991, 1998, 2001)

----, *Property & Liability Innovations and Solutions* (Austin: Society of Certified Insurance Counselors, Inc., 1998, 1999, 2001)

----, "Puzzled About Commercial Auto?" *Resources* (The National Alliance for Insurance Education & Research), (Fall/Winter 2001), pp. 8-9.

----, *Rental Car Exposures and Coverages* (Austin: Society of Certified Insurance Counselors, Inc., 1988, 1990, 1992, 1999)

----, *Shared Ownership of Property* (Austin: Society of Certified Insurance Counselors, Inc., 1989, 1990, 2001)

----, *Small Employer Group Benefits* (Raleigh, NC: Independent Insurance Agents of North Carolina, Inc., 1992)

----, *Split Dollar Plans* (Pittsboro, NC: Tilden and Associates, 1998)

----, *Time Element Coverages* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1992, 1996, 2001, 2008, 2012)

*R. BRYAN TILDEN*          *PAGE 7*

----, *Tips, Tricks and Traps of the CGL* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1992, 1998, 1999, 2012; Malvern: The CPCU Society, 2000, 2012)

----, *Toxic Mold, Where Is The Coverage?* (Malvern: The CPCU Society, 2003, 2004, 2008, 2010, 2013)

----, *Umbrella and Excess Liability* (Malvern, The CPCU Society, 2004, 2013)

----, *Underwriting Workers Compensation* (Pittsboro, NC: Tilden and Associates, 2003)

----, *Utilizing the New Commercial Coverages* (Albany: Professional Insurance Agents, 2003)

----, *Will the Policy Pay for Rebuilding?* Professional Agent February 1998: 24 - 27

----, *Workers' Compensation* (Austin: Society of Certified Insurance Counselors, Inc., 1990, 1992, 1997, 2012)

----, *Workers' Compensation: Treating the Exposure* (Malvern: The CPCU Society, 2000)

----, *Workers' Compensation: Underwriting* (Malvern: The CPCU Society, 2000)

**CASES PAST 4 YEARS:** *Colony Insurance Company v. Charles Peterson; Evergreen Composite Technology, LLC, and Randolph Bank and Trust Company,* 1:10-cv-581, United States District Court for the Middle District of North Carolina, Greensboro Division.

*Millennium Inorganic Chemicals Ltd. and Cristal Inorganic Chemicals Limited v. National Union Fire Insurance Company of Pittsburgh, PA, ACE American Insurance Company, and Marsh USA, Inc.,* 1:09-cv-01893-ELH, United States District Court for the District of Maryland, Northern Division.

*TIC – The Industrial Company Wyoming, Inc. v. Factory Mutual Insurance Company, and IMA of Kansas, Inc.,* 4:10cv3153, United States District Court for the District of Nebraska.

*Colony National Insurance Company v. SLB Toys USA, Inc. et al,* CV11-04950 (PJWx), United States District Court for the Central District of California, Western Division.

*Monte Dale Hargrave v. United Services Automobile Association,* 11-CVS-2512, Superior Court for the County of Durham, North Carolina.

*Harleysville Mutual Insurance Company, et al v. Lighthouse-Keuning Insurance Group,* Arbitration Under the Pennsylvania Uniform Arbitration Act 42 Pa.C.S.A. § 7301 et seq.

*Paradigm Consultants, Ltd., v. Builders Mutual Insurance Co., et al,* 11-CVS-673, Superior Court for the County of Watauga, North Carolina.

*R. BRYAN TILDEN*                    *PAGE 8*

*Norma Jo Trulock Thomas, Administratrix v. Physicians Choice, LLC, and Benchmark Insurance Company,* 09-C-1149, Circuit Court of Kanawha County, West Virginia.

*Charles B. Campbell, III, M.D. et al v. BB&T Insurance Services, Inc., d/b/a/ Blue Ridge Burke Agency, et al,* 11 CvS 2945, Superior Court for the County of Forsyth, North Carolina.

*Lawrence D. Guessford v. Pennsylvania National Mutual Casualty Insurance Company,* 1:12-cv-00360-JAB-LPA, United States District Court for the Middle District of North Carolina.

*C. B. Fleet Company, Inc. v. Colony Specialty Insurance Company,* 1:11-cv-00375, United States District Court for the Northern District of Ohio, Eastern Division.

*Opry Mills Mall, Ltd., et al v. Arch Insurance Company, et al,* 10-1504-IV, Chancery Court for Davidson County, Tennessee.

*Hospitality Enterprises, Inc., et al, v. Westchester Surplus Lines Insurance Company, et al,* 10-12413-D, Civil District Court for the Parish of Orleans, Louisiana.

*Menno Pennink, et al v. Underwriters at Lloyds, et al,* 11-CVS-05555, Superior Court for the County of Durham, North Carolina.

*Brent and Brunette Myers v. First Citizens Bank & Trust Company,* 12 CVS 08569, Superior Court for the County of Wake, North Carolina.

*Orleans Parish School Board, et al v. Lexington Insurance Company and RSUI Indemnity Company, et al,* 2006-7342, Division L, Section 6, Civil District Court for the Parish of Orleans, State of Louisiana.

*Otto Industries North America, Inc., v. The Phoenix Insurance Company,* 3:12-CV-717, United States District Court for the Western District of North Carolina, Charlotte Division.

*Pleasant Valley Baptist Church v. Church Mutual, et. al.,* 12-26503-CZ, Circuit Court for the County of Livingston, Michigan.

*MacMurray College v. Educational & Institutional Ins. Administrators, Inc.,* Arbitration No. 51 195 Y 01446 12, American Arbitration Association, Chicago, Illinois.

*Rolf's Patisserie, Inc. v. The Rockwood Company,* 12-L-1063, County Department, Law Division, Circuit Court of Cook County, Illinois.

*Loretta A. Scott v. Portell, et al,* 11SL-CC00239, Circuit Court for the County of St. Louis, Missouri.

*Parkers Farm Acquisition, LLC, v. Associated Insurance Agents, Inc., and Jeffrey R. Mass,* 27-CV-13-12678, District Court for the Fourth Judicial District, County Of Hennepin, Minnesota.

*R. BRYAN TILDEN*                    *PAGE 9*

*Philway Products, Inc. v. Berkley Mid-Atlantic, et al*, CV-2012-12-6749, Summit County Court of Common Pleas, Ohio.

*Colony National Insurance Company v. Sorenson Medical Inc., et al*, 2:10-cv-74-WOB, United States District Court for the Eastern District of Kentucky, Northern Division at Covington.

*Bowlers Alley, Inc. d/b/a Eastland Bowling Center v. The Cincinnati Insurance Company*, 2:13-cv-13804-PDB-MJH, United States District Court for the Eastern District of Michigan, Southern Division.

*Insurance Commissioner of Puerto Rico v. Guardian Insurance Company, et al*, Case Number CM-2014-40E, In The Office of the Puerto Rico Insurance Commissioner.

*Waldorf Condominium Association, Inc. v. Lexington Insurance Company, et al*, Docket L2877-13, Law Division Ocean County, Superior Court of New Jersey.

*James Bosek, et al v. Auto-Owners Insurance Company and Larson Insurance Services, Inc.*, 21-CV-12-1821, County of Douglas District Court, Seventh Judicial District, State of Minnesota.

*Frank L. Connor v. State Farm Fire and Casualty Company*, 4:14-cv-00790, United States District Court, Western District of Missouri.

*Kelly Schofield, et al, v. Argonaut Insurance Company, et al*, 14-cv-103F, United States District Court for the District of Wyoming.

*Stacey Allen Volden v. Monson & Company, Inc., et al*, 120903279, In the Third Judicial District, Salt Lake County, State of Utah.

*The Pavlec Family Partnership, L.P., v. Nationwide Mutual Insurance Company*, 4-14-cv-00477, United States District Court, Eastern District of Missouri.

*Eric LaFolette, et al, v. Liberty Mutual Fire Insurance Company*, 2-14-cv-04147, United States District Court, Western District of Missouri, Central Division.

*East Bridge Loft Property Owners Association, Inc., et al, v. Crum and Forster Specialty Insurance Company*, 2:14-CV-2567, United States District Court for the District of South Carolina, Charleston Division.

*Standby Technical Services, Inc., et al, v. F. & M. Agency, Inc., et al*, 14-cv-01857, United States District Court, District of Minnesota.

*Wayne J. Griffin Electric, Inc. v. Travelers Property Casualty Company of America*, 1:13-cv-00882, United States District Court, Middle District of North Carolina.

*F. H. Paschen, et al, v. Hiscox, Inc., et al*, 2:13-cv-05842, United States District Court, Eastern District of Louisiana.

*R. BRYAN TILDEN*                        *PAGE 10*

*Liberty Mutual Fire Insurance Company v. The Clemons Coal Company, et al,* 2:14-cv-02332, United States District Court for the District of Kansas.

*Park Reserve, LLC v. Peerless Insurance Company, et al,* 4:14-00763, United States District Court for the Western District of Missouri, Western Division.

*APM, LLLP v. TCI Insurance Agency, Inc.,* 09-2014-CV-02885, District Court for the County of Cass, East Central Judicial District, North Dakota.

*Harbour Yacht Club and Marina, LLC and Harbour Yacht Club and marina Sales and Service v. North American Specialty Insurance Company and Liberty Insurance Services,* OCN-L-2737-13, Superior Court of New Jersey, Ocean County.

*Tensas Water Distribution Association v. Arch Insurance Company,* 3:14CV1787, United States District Court, Western District of Louisiana, Monroe Division.